IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:07CR248-WKW |
| | ) | |
| WILLIE GENE DAVIS | ) | |

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, a detention hearing was held on November 1,  2007,  pursuant to the Government's Motion for Detention (Doc.#4).  Based upon consideration of the evidence presented,  the Court concludes that the defendant should be detained pending trial in this case.

### Part I -- Findings of Fact

There is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 18 U.S.C. § 922(g).   The Defendant is charged by indictment with possessing a firearm after having been previously convicted of a felony.  The defendant poses a danger to the community if released pending trial.  No condition or combination of conditions will reasonably assure the safety of the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence the defendant was on parole for multiple, felony  violations of Alabama law when the Grand Jury for the Middle District of Alabama indicted Davis.  Davis was indicted by

the Grand Jury for the Middle District of Alabama because Davis was the passenger in a car driven by his girlfriend whom the officer thought was driving under the influence of alcohol. The officer found Davis had a pistol in his coat.  Davis also gave a false name to the officer. Davis has been arrested and convicted of various, serious misdemeanor offenses while on parole for violations of Alabama  law.  Namely, the defendant has been convicted of driving under the influence and possession of marijuana . Davis has an extensive arrest record which includes at least three felony convictions.  Further evidence at the hearing reveals Davis uses several aliases and has been convicted of giving a false name to law enforcement officers while on parole.

To his credit, Davis has a job in Greenville, Alabama which is a short distance from his home in Crenshaw County.  Other than his employment, the Court finds little to commend the release of Davis into the community.  Parolees in Alabama are required to abide by virtually the same conditions as the standard release conditions in this Court.  The Court determines it cannot fashion means short of incarceration pending trial to protect the community.  From all the foregoing facts, which constitute  clear and convincing evidence, the Court finds Davis to be a danger to the community. Further, the court finds there are no conditions or combination of conditions which will reasonably assure the protection of  the community and that the defendant should be detained.

## Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with

defense counsel.  On order of a court of the United States or on request of an attorney for the

Government, the person in charge of the corrections facility shall deliver the defendant to the United

States marshal for the purpose of an appearance in connection with a court proceeding.

Done on November 2, 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE