## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:07CR248-WKW** |
| | ) | |
| **WILLIE GENE DAVIS** | ) | |

## MOTION TO SUPPRESS EVIDENCE FOUND IN VEHICLE

**COMES NOW** the defendant, Willie Gene Davis, by and through undersigned counsel, Joseph P. Van Heest, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, and respectfully moves this Court for an Order suppressing all items seized from the vehicle following a "search incident to arrest" of the driver of the vehicle, Ms. Stella Owens, for DUI, as well as all information, evidence and statements obtained as a result or as a fruit of that seizure.

At a hearing on this Motion, the defendant would expect the evidence would show the following:

1. On April 27, 2007, Mr. Davis was a passenger in a vehicle driven by Ms. Stella Owens. Greenville Police Officer Kenneth Hadley conducted a traffic stop on the vehicle driven by Ms. Owens in Greenville, Alabama. During the traffic stop, Greenville Police Officer Miller directed Mr. Davis to exit the vehicle. According to the information provided in discovery, while Mr. Davis was exiting the vehicle, he unzipped his jacket and removed it, leaving it in the passenger seat of the vehicle as he exited.

2. Officer Hadley determined that Ms. Owens had not passed a field sobriety test and she was then arrested for driving under the influence (DUI).

3.      Thereafter, Officer Miller requested Mr. Davis to stand near the rear of the vehicle with Butler County Sheriff's Deputy Williams.  While Mr. Davis was secured near the rear of the vehicle, and not providing any danger to the police officers, Officer Miller searched the passenger compartment including the jacket Mr. Davis had been wearing.

4.      The basis for searching the passenger compartment of the vehicle including Mr. Davis' jacket was a "search incident to arrest" of Stella Owens.  She was already in custody and there was no evidence which needed to be preserved.  She was under arrest for DUI and would need to be transported to the police station for a breath test to determine blood alcohol content.  However, there was no evidence which the police were seeking to preserve.  Rather, they were simply looking for an opportunity to conduct a warrantless search of the car for evidence of an unspecified and unrelated offense.

5.      In *Arizona v. Gant*, No. 07-542 (cert granted Feb. 25, 2008), the United States Supreme Court granted the State's petition for writ of certiorari to decide whether, under *New York v. Belton*, 453 U.S. 454 (1981), police may conduct a warrantless search of a car if its recently arrested occupant poses no threat to officer safety or preservation of evidence.  The Supreme Court of Arizona held that they may not in *State v. Gant*, 162 P.3d 640, 642 (Ariz. 2007).  The Arizona Supreme Court distinguished the circumstances of that case (which is factually similar to the instant case) from the precise question presented in *New York v. Belton*, *supra*, and held that neither of the *Chimel*[1] rationales that

---

[1] *Chimel v. California*, 395 U.S. 762 (1969) held that in order to dispense with a warrant requirement on grounds of a search incident to arrest, the government needed to show the need to protect officers and preserve evidence. When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself

excuse the warrant requirement for searches incident to arrest – officer safety or the preservation of evidence – justified the warrantless arrest of Gant's car. Therefore, the Arizona Supreme Court held that the evidence found during the warrantless search must be suppressed.

6.    Presently, the law in the Eleventh Circuit is contrary to the Arizona Supreme Court's holding in *Gant*, which is, as previously stated, now under review to be heard in the October, 2008 term of the United States Supreme Court.

7.    The current Eleventh Circuit authority would be found in *United States v. Gonzales*, 71 F.3d 819 (11th Cir. 1996), and *United States v. Diaz-Lizaraza*, 981 F.2d 1216 (11th Cir. 1993).

8.    In *United States v. Gonzales*, 71 F.3d 819, 825-26 (11th Cir. 1996), the Eleventh Circuit addressed a similar situation and held that a lawful arrest of an occupant of the vehicle permitted a search incident to an arrest of the passenger compartment of the vehicle.

> When an occupant of an automobile is the subject of a lawful arrest, the Fourth Amendment permits the arresting officers to contemporaneously conduct a warrantless search not only of the occupant himself, *see United States v. Robinson, supra,* but also of the passenger compartment of the automobile, as well as any closed (or open) containers found in this area of the automobile., (citing *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981); *United States v. Diaz-Lizaraza,* 981 F.2d 1216, 1222 (11th Cir.1993). "Containers," in this context, refer to "any object capable of holding another object,"*New York v. Belton, supra,* 453 U.S. at

---

frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested.  *Id.*, at 762-63.

> 460 n. 4, 101 S.Ct. at 2864 n. 4, and thus include an automobile's glove compartment (whether locked or unlocked), as well as any containers found therein, such as the zipped leather bag that was discovered in this case.)

*Id.*, at 825-26. Under this reasoning, the definition of container would include a zippered jacket pocket left inside a vehicle. Furthermore, in *United States v. Diaz-Lizaraza*, 981 F.2d 1216 (11th Cir. 1993), the Eleventh Circuit, relying upon *Belton*, *supra*, upheld a warrantless search of a truck as "incident to an arrest." There, the Court of Appeals noted:

> Because Diaz's arrest was proper, the search of the passenger compartment of his truck was proper as a search incident to an arrest. When officers lawfully arrest an automobile occupant, they may search the passenger compartment of the automobile as a contemporaneous incident of the arrest, and they also may examine the contents of containers found in the automobile. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). The purpose for a search incident to arrest is to find weapons that the suspect may use to injure police officers and to collect and preserve evidence. *Michigan v. Long,* 463 U.S. 1032, 1049-50 n. 14, 103 S.Ct. 3469, 3481 n. 14, 77 L.Ed.2d 1201 (1983); *Belton*, 453 U.S. at 457, 460 n. 3, 101 S.Ct. at 2864 n. 3. This purpose defines the permissible scope of an automobile search incident to an arrest. *Florida v. Jimeno,* 500 U.S. 248, ----, 111 S.Ct. 1801, 1804, 114 L.Ed.2d 297 (1991) ("The scope of a search is generally defined by its expressed object.").

> The simple search that Agent Anaipakos performed in this case was well within the scope allowed by *Belton.* Anaipakos confined his search to the passenger compartment of the truck. He looked under the seats and on the floor of the truck, but did not rip the upholstery, look under the hood, or damage the truck in any way. This was a reasonable search incident to arrest in light of the agents' need to protect themselves and to collect and preserve evidence. (Footnote omitted) Therefore, there was no Fourth Amendment violation in removing Diaz's beeper from the truck.

*Id.,* at 1222-23.

9.    The defendant would not prevail under existing Eleventh Circuit precedent. However, unless the Government stipulates that the facts of the instant case would apply to whatever ruling the Supreme Court reaches in *Gant*, it will be necessary to conduct an

evidentiary hearing to properly preserve the issue for review.

WHEREFORE, for the reasons set forth above, the defense moves to suppress the evidence found during the search of the vehicle incident to the arrest of the driver of the vehicle, Ms. Stella Owens, as being violative of the Fourth Amendment right to be free from unreasonable searches and seizures.

Dated this 1st day of April, 2008.

Respectfully submitted,


s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew Shepherd, Esq., Assistant United States Attorney, PO Box 197, Montgomery, Alabama 36101-0197.

Respectfully submitted,


s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026