UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No.: 2:07CR248-WKW |
| ) | |
| WILLIE GENE DAVIS   ) | |

**MOTION TO FILE OUT OF TIME**
**MOTION TO SUPPRESS EVIDENCE FOUND IN VEHICLE**

**COMES NOW** the defendant, Willie Gene Davis, by and through undersigned counsel, and hereby moves this Honorable Court for an Order granting his Motion to File Out of Time Motion to Suppress Evidence Found in Vehicle. In support of this motion in limine, Mr. Davis states the following:

1. This one-count indictment for violation of 18 U.S.C. § 922(g)(1) for possession of a firearm by one who has previously been convicted of a felony, arises from a traffic stop of a vehicle in which Mr. Davis was a passenger. The driver of the car, Ms. Stella Owens, was deemed to be under the influence of alcohol and was arrested for DUI. The passenger, Mr. Davis, was asked to get out of the vehicle. According to the information provided in discovery, he complied, taking off a jacket prior to getting out of the vehicle. Thereafter, once the area was secured and Mr. Davis was placed behind the vehicle, another officer on the scene commenced a search incident to the arrest of Ms. Owens, and searched the vehicle. In the passenger compartment, the officer is alleged to have found a jacket with zippered pockets. The officer unzipped one of the pockets and revealed the firearm named in this indictment.

2. The United States Supreme Court very recently granted certiorari in the matter of *Arizona v. Gant*, No. 07-542, 2008 WL 482034 (Feb. 25, 2008), to address the

following issue:

> Does the Fourth Amendment require law enforcement officers to demonstrate a threat to their safety or a need to preserve evidence related to the crime of arrest in order to justify a warrantless vehicular search incident to arrest conducted after the vehicle's recent occupants have been arrested and secured?

3.     Thus, it appears that the Supreme Court is going to revisit the issue of whether *New York v. Belton*, 453 U.S. 454 (1981), created a bright line test, even where the individuals had been removed from the vehicle prior to a search of the vehicle, and posed no threat to officers safety. The holding in *New York v. Belton*, *supra*, has been expressly adopted as a bright-line test in the Eleventh Circuit. *United States v. Gonzales*, 71 F.3d 819, 825-26 (11th Cir. 1996); *United States v. Diaz-Lizaraza*, 981 F.2d 1216 (11th Cir. 1993).

4.     While this issue was previously decided in the Eleventh Circuit, it will be necessary to conduct a hearing and issue an opinion to preserve the issue for review on appeal should the United States Supreme Court narrow *Belton*, and require a showing of specific need to protect officer safety or preserve evidence.

5.     Therefore, to preserve Mr. Davis' Fourth Amendment rights, he hereby requests that this Court permit him to file a motion to suppress evidence found during the search incident to arrest, as being an unconstitutional search.

6.     The deadline for pretrial motions expired prior to the granting of certiorari by the United States Supreme Court in *Gant*. While a pretrial conference was conducted on March 14, 2008, after the granting of *certiorari*, undersigned counsel only became aware of the issue on March 31, 2008.

7.      A positive ruling from the United States Supreme Court in *Arizona v. Gant*, would likely be dispositive of the case herein, as the evidence was only discovered following the search incident to arrest of Ms. Owens.

8.      Undersigned counsel has discussed this matter with the Assistant United States Attorney assigned to the case and the government does not object to the defense being permitted to file the motion to suppress out of time.

WHEREFORE, for the reasons set forth above, the defendant prays that this Honorable Court will permit the Motion to Suppress Evidence Found in Vehicle which is being filed contemporaneously herewith, to be heard and considered.

Dated this 1st day of April, 2008.

Respectfully submitted,

s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew Shepherd, Assistant United States Attorney.

                                        Respectfully submitted,

                                        s/Joseph P. Van Heest
                                        **JOSEPH P. VAN HEEST**
                                        LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
                                        Post Office Box 4026
                                        402 South Decatur Street
                                        Montgomery, AL 36103-4026
                                        Phone: (334) 263-3551
                                        Fax: (334) 263-3227
                                        jpvanheestcourts@bellsouth.net
                                        AL Bar Code: VAN026