IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CR. NO. 02:07-cr-248-WKW |
| ) | |
| WILLIE GENE DAVIS    ) | |

RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion to Suppress. As grounds in support of this Response, the United States sets forth the following:

FACTS

On April 27, 2007, Stella Owens was driving a vehicle in Greenville, Alabama, in which the defendant, Willie Gene Davis, was a passenger. Police pulled the vehicle over. Initially, Greenville Police Officer Kenneth Hadley initiated the traffic stop. Officer Miller of the Greenville Police then arrived to assist in the traffic stop. Officer Hadley approached the driver, asked her to exit the vehicle, and conducted field sobriety tests on her. Officer Miller approached the passenger, Davis. Davis initially provided Officer Miller with the name Ernest Harris, instead of his real name. Davis also was fumbling with the jacket he was wearing. Officer Miller asked Davis to exit the vehicle. Despite being ordered to leave the jacket on, Davis removed the jacket and left it in the vehicle before he exited.

Officer Miller directed Davis to stand at the rear of the vehicle. Meanwhile, Owens failed the field sobriety test given by Officer Hadley. Officer Hadley arrested Owens for driving under the

influence and she also was secured away from the vehicle. Officer Miller then conducted a search of the passenger compartment of the vehicle, including a search of the jacket removed by Davis. In the jacket, Officer Miller found a loaded pistol, which led to the pending charge against Davis for being a felon in possession of a firearm.

## ANALYSIS

The defendant argues that officers were not permitted to conduct a search of the vehicle driven by Owens incident to Owens' arrest. The defendant argues that at the time of the search there was no legitimate purpose for searching the vehicle because officers did not need to find any additional evidence related to the arrest of Owens and because Owens and Davis were secured away from the vehicle. The defendant's motion should be denied because the search was a lawful search incident to arrest.

The United States Supreme Court in Chimel v. California, 395 U.S. 752 (1969), held that the police when arresting someone could conduct a contemporaneous search of the person and area within the immediate control of the person. In New York v. Belton, 453 U.S. 454 (1981), the Supreme Court extended Chimel to approve searching the passenger compartment and containers within it incident to the arrest of a driver or passenger in a vehicle. See also United States v. Gonzalez, 71 F.3d 819 (11th Cir 1996); United States v. Diaz-Lizaraza, 981 F.2d 1216 (11th Cir. 1993).

The facts of this case are similar to those in New York v. Belton. In that case, Belton was a passenger in a vehicle stopped by the police. The police discovered evidence of marijuana possession and removed the passengers, including Belton. The occupants were all arrested. Belton had left his jacket in the vehicle. After arresting the occupants, the police then searched the

passenger compartment of the vehicle, including the contents of Belton's jacket. In the jacket they discovered cocaine, and then charged Belton with possession of cocaine. Belton, 453 U.S. at 456. The Supreme Court upheld the search of the vehicle and the jacket as searches incident to arrest, holding that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Id. at 460. The Court further explained that the search incident to arrest included searching any containers in the vehicle, including clothing. Id. at 460, n. 4.

Similarly, in this case, Davis left his jacket in the car. The driver was arrested lawfully. As a result, just as in New York v. Belton, the police were authorized to conduct a search of the passenger compartment of the vehicle, including Davis' jacket.

The defendant argues that the search in this case was not permissible because Owens and Davis were both secured away from the vehicle and posed no threat to the officers. However, in New York v. Belton, the occupants of the vehicle were also removed from the car and kept away from the vehicle. Id. at 460. And in United States v. Gonzalez, the police had also removed the occupant, had handcuffed him, and had him lay on the ground, before conducting the search. Gonzalez, 71 F.3d at 822. Therefore, when conducting a search incident to arrest, it does not matter whether the occupants of the vehicle no longer pose a threat to the officers at the time of the search. The standard is only whether the arrest was lawful, whether the search was contemporaneous with the arrest, and whether the search extended only to the passenger compartment of the vehicle and any containers within it.

Under current case law from the United States Supreme Court and the Eleventh Circuit Court of Appeals it is clear that police are permitted to conduct a search such as the one in this case

incident to the arrest of an occupant of a vehicle. The defendant is correct that the Supreme Court has accepted certiorari in <u>Arizona v. Gant,</u> No. 07-542 (cert. granted Feb. 25, 2008), to consider an argument similar to the defendant's. However, this Court is bound by existing precedent, as the defendant recognized in his motion. Therefore, the motion to suppress should be denied.

Further, the search of the defendant's jacket was also lawful because the defendant's actions provided reasonable basis for searching the jacket pursuant to <u>Michigan v. Long</u>, 463 U.S. 1032, 1049 (1983), in which the Supreme Court held that the police may conduct a limited protective search of the passenger compartment of a vehicle when they have a reasonable basis for believing the occupant may be dangerous. This search may extend to all areas of the passenger compartment in which a weapon may be hidden. <u>Id.</u> Further, the police may conduct this protective sweep even if the passengers are already out of the vehicle in police control. <u>Id.</u> at 1051-1052. <u>See also</u> <u>United States v. Holmes</u>, 376 F.3d 270, 279-280 (4th Cir. 2004). Any contraband found during a protective search may lawfully be seized. <u>Michigan v. Long,</u> 463 U.S. at 1050. In this case, the defendant gave a false name, was fidgeting with his jacket, and then left the jacket in the car when the officer asked him not to. Based on these facts, Officer Miller had a reasonable basis for conducting a limited search of the passenger compartment for weapons to ensure his own safety, including searching the jacket.

WHEREFORE, for the reasons described above, the United States respectfully requests that the Defendant's Motion to Suppress be DENIED.

Respectfully submitted this 7th day of April, 2008.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/ Matthew W. Shepherd
        MATTHEW W. SHEPHERD
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, Alabama 36104
        (334) 223-7280
        (334) 223-7135 Fax
        matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:07-cr-248-WKW |
| | ) | |
| WILLIE GENE DAVIS | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Joseph Van Heest, Esq., attorney for the defendant Willie Gene Davis.

                                                    Respectfully submitted,

                                                    LEURA G. CANARY
                                                    UNITED STATES ATTORNEY

                                                    /s/ Matthew W. Shepherd
                                                    MATTHEW W. SHEPHERD
                                                    Assistant United States Attorney
                                                    131 Clayton Street
                                                    Montgomery, Alabama 36104
                                                    (334) 223-7280
                                                    (334) 223-7135 Fax
                                                    matthew.shepherd@usdoj.gov