IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| Petitioner, | * |
| v. | * CASE NO. 2:07-cr-248-WKW |
| **WILLIE GENE DAVIS,** | * |
| Respondent. | * |

## RESPONSE AND OBJECTION TO MOTION TO REVISIT OBJECTION AND MOTION TO QUASH SUBPOENA

**COME NOW** Andy Compton, Probation and Parole Officer employed by the Alabama Board of Pardons and Paroles and the Alabama Board of Pardons and Paroles, by and through counsel, non-parties in the above-styled cause, and in response to *Defendant's Motion to Revisit Objection and Motion to Quash Subpoena* [Doc. 57] and show unto the Court as follows:

1.  The report prepared by Officer Andy Compton described in the letter attached to *Defendant's Motion to Revisit Objection and Motion to Quash Subpoena* [Doc. 57] is a "Report of Parole Violation", dated 4-21-08, that was prepared by Officer

1

Andy Compton for use by the Board in the parole revocation proceedings that have been initiated against Defendant Davis.

      2.      Contrary to Defendant Davis' contentions, the "Report of Parole Violation" was not prepared to assist Officer Andy Compton with his memory in preparation for trial in this case

      3.      The "Report of Parole Violation" is statutorily privileged under Ala. Code §15-22-36(b).

      4.      An Alabama inmate does not enjoy a liberty interest or due process protection in being paroled, *Ex Parte Alabama Board of Pardons and Paroles, In Re: Richard E. Henley,* **849 So.2d 255 (Ala. Crim. App. 2002).** However, once released on parole, a liberty interest attaches and the parolee's freedom may only be taken away after affording the parolee due process, *Morrissey v. Brewer,* 408 U.S. 471, (1972); *Horace Johnson v. State,* **729 So.2d 897** *(Ala.Crim.App.1997).* In *Morrissey* the United States Supreme Court set out the minimum requirements that must be met in a parole revocation. One of those *Morrissey* requirements is that the parolee is entitled to notice of the parole violation charges.

      5.      The Board is currently attempting to serve Defendant Davis with a copy of the "Report of Parole Violation", which is notice of the parole violation charges lodged against him, as this is required by ***Morrissey v. Brewer, 408 U.S. 471, (1972).***

      **6.**      In the event that the Board is unable to serve Defendant Davis a copy of the "Report of Parole Violation", for reasons beyond its control, counsel for the Board will serve Defendant Davis with a copy of the "Report of Parole Violation" at the hearing scheduled for April 25, 2008, at 2 o'clock p.m., unless otherwise directed by the Court.

**WHEREFORE THE PREMISES CONSIDERED**, Defendant Davis'

*Defendant's Motion to Revisit Objection and Motion to Quash Subpoena* [Doc. 57] is due

to be ***DENIED, AS MOOT***.

        Respectfully submitted,

        TROY KING
        ATTORNEY GENERAL
        KIN 047

        GREGORY O. GRIFFIN, SR.
        CHIEF COUNSEL
        GRI026

        s/DANA L. PITTMAN
        ASSISTANT ATTORNEY GENERAL
        STATE BAR#:  ASB-7192-A57P
        ALA. BD. OF PARDONS & PAROLES
        P.O. BOX 302405
        MONTGOMERY, AL  36130
        TELEPHONE: (334)242-8700
        FAX: (334)353-4423
        Dana.Pittman@paroles.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 4-24-08, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **the Hon. Joseph P. Van Heest and the Hon. Matthew W. Shepherd, Assistant U.S. Attorney**

Done this **24**[th] day of **April, 2008**.

Respectfully submitted,

s/DANA L. PITTMAN
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-7192-A57P
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Dana.Pittman@paroles.alabama.gov