IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:07-cr-0248-WKW |
| | ) | |
| WILLIE GENE DAVIS | ) | |

## ORDER

Before the court is the Objection (Doc. # 56) to the Report and Recommendation (Doc. # 50) of the Magistrate Judge as to the defendant's Motion to Suppress (Doc. # 42). In his motion to suppress, the defendant admits the evidence obtained from the search incident to the arrest of the driver, Stella Owens, was properly obtained under binding Eleventh Circuit case law. (Doc. # 42, ¶ 9.) Because the disposition of a case[1] recently granted a writ of certiorari by the United States Supreme Court could have possible ramifications to this case, the defendant "objects to perfect the issue for appeal." (Doc. # 56, at 3.) Based on the defendant's concession of case law binding upon this court and the undisputed testimony, as pointed out in the Recommendation, that the search occurred not only after the arrest of the driver, but also after the arrest of the defendant for providing false information to a law enforcement officer, the defendant's objection on this issue is due to be overruled. *See United States v. Gonzales*, 71 F.3d 819, 825 (11th Cir. 1996) ("When an occupant of an automobile is the subject of a lawful arrest, the Fourth Amendment permits

---

[1] *See Arizona v. Gant*, 162 P.3d 640 (Ariz. 2007), *cert. granted*, 76 U.S.L.W. 3451 (U.S. Feb. 25, 2008) (No. 07-542).

the arresting officers to contemporaneously conduct a warrantless search not only of the occupant himself, but also of the passenger compartment of the automobile, as well as any closed (or open) containers found in this area of the automobile." (citation omitted)).

The defendant's second objection is to the Recommendation's alternative holding that the evidence was properly obtained under the inventory search exception. The court finds the gun was discovered during a search incident to arrest and not during an inventory search. The arresting officer testified that he was concerned with his safety and that the defendant had acted in a suspicious manner. (Mot. Hr'g Tr. 15:16-22; *Id.* 36:23-37:5.) He also testified that the first thing he searched was the jacket in the front seat. (*Id.* 36:11-16.) His impoundment inventory report lists beer as the only personal property found in the vehicle. (Doc. # 56-2, at 2.) There is no mention of the gun or the jacket. (*Id.*) This further supports the conclusion that the gun and jacket had been confiscated after a search incident to arrest which took place before the inventory search began.

However, this does not change the conclusion because, as the Magistrate Judge noted (Doc. # 50, at 6), the officers would have inevitably discovered the jacket and its gun during the inventory search had they not already been confiscated following the search incident to arrest. *United States v. Khoury*, 901 F.2d 948, 959-60 (11th Cir. 1990). The record indicates that the circumstances warranted impoundment of the vehicle as both the driver and passenger were arrested and under the influence of alcohol (Mot. Hr'g Tr. 13:21-14:8), that the police did undertake an inventory search and produced an inventory record (Doc. # 56-2,

at 2), and that it was conducted pursuant to standard operating procedures (Mot. Hr'g Tr. 13:21-14:1). It is undisputed that the jacket was lying in plain view on the passenger seat. Even if the search of the jacket as incident to an arrest had been unlawful, the court finds that location of the jacket was so obvious that it, and the gun it contained, would have inevitably been discovered during the inventory search. Therefore, the defendant's second objection is also due to be overruled. After an independent and *de novo* review of the entire record and upon consideration of the defendant's Objection and the Recommendation of the Magistrate Judge, it is ORDERED that:

1. The Objection (Doc. # 56) is OVERRULED;

2. The Recommendation (Doc. # 50) is ADOPTED in part as set forth above; and

3. The Motion to Suppress (Doc. # 42) is DENIED.

DONE this 28th day of April, 2008.

        /s/ W. Keith Watkins
        UNITED STATES DISTRICT JUDGE