IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. 02:07-cr-248-WKW |
| ) | |
| WILLIE GENE DAVIS ) | |

RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion in Limine to Exclude Expert Testimony. As grounds in support of this Response, the United States sets forth the following:

Defendant argues in his Motion in Limine that the Court should exclude the expected expert testimony of Special Agent Theron Jackson of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The United States intends to call Special Agent Jackson to testify as a firearms interstate nexus expert. Special Agent Jackson's expertise is in identifying the place of manufacture of firearms and ammunition to assist the jury in determining whether a particular firearm has traveled in interstate commerce. In this case, Special Agent Jackson is expected to testify that the firearm charged in the indictment was manufactured outside of the state of Alabama in Massachusetts and thus must have moved in interstate commerce for it to have been recovered in Alabama.

As grounds for his motion, the defendant first argues that Special Agent Jackson's testimony is an improper subject for expert testimony because it is not "scientific, technical, or other specialized knowledge" that "will assist the trier of fact to understand the evidence or to

determine a fact in issue," as contemplated in Rule 702 of the Federal Rules of Evidence. See Fed. R. Evid. 702. However, Special Agent Jackson's testimony falls squarely under Rule 702. Determining whether the firearm in this case moved in interstate commerce is a fact that the jury must determine since it is an element of the offense. Special Agent Jackson's opinion as to the place of manufacture of the firearm, based on his specialized knowledge of firearms identification and manufacturing, will clearly assist the jury in determining this fact since it is not always clear or apparent from a visual examination of the firearm where it was manufactured.

The Court of Appeals for the Eleventh Circuit has recognized and approved the use of expert testimony regarding the place of manufacture of firearms to prove that a firearm moved in interstate commerce. See United States v. Scott, 263 F.3d 1270, 1274 (11th Cir. 2001) (interstate commerce element satisfied by expert testimony that firearm was manufactured in California and had moved in interstate commerce); United States v. Floyd, 281 F.3d 1346, 1349-1350 (11th Cir. 2002) (expert testimony regarding place of manufacture of ammunition upheld); United States v. Bonavia, 927 F.2d 565, 567, n. 2 (11th Cir. 1991) (approved use of expert testimony based on examination of firearms and reference books as to place of manufacture of firearm). By giving an opinion as to where the firearm was manufactured, Special Agent Jackson will assist the jury in determining whether the firearm moved in interstate commerce prior to being recovered in Alabama. The United States is permitted to prove its case in the manner it sees fit. If the United States prefers to offer expert testimony instead of calling a representative of the manufacturer, that is the prerogative of the United States.[1]

---

[1] In fact, in some cases it may not be possible to call a representative of the manufacturer of the firearm because the manufacturer may no longer exist and there may not be a current custodian of records or employee with knowledge of the company's past operations.

Defendant next argues that Special Agent Jackson's testimony is inadmissible because his opinion, based on his training, knowledge, research, and use of firearms industry publications and documents is based on inadmissible hearsay. He argues that because the opinion is based on hearsay, the opinion cannot be admitted. However, this argument has previously been rejected by the Eleventh Circuit which held that an expert opinion by an ATF interstate nexus expert was not inadmissible hearsay. United States v. Floyd, 281 F.3d at 1349.

Although the United States does not concede that Special Agent Jackson's opinion is based on inadmissible hearsay, it does not matter if it was. Rule 703 of the Federal Rules of Evidence also clearly states that expert opinions are admissible even when based on otherwise inadmissible evidence if that evidence is of the type commonly relied upon by experts in the field. Fed. R. Evid. 703. Therefore, even if Special Agent Jackson's opinion is based on hearsay, it is still admissible if such hearsay is commonly relied upon by interstate nexus experts, which the United States asserts is the case with Special Agent Jackson's opinion.

Finally, the defendant argues that even if Special Agent Jackson's opinion is not inadmissible hearsay, it is still inadmissible because it violates the Confrontation Clause pursuant to the opinion in Crawford v. Washington, 541 U.S. 36 (2004). The defendant argues that Special Agent Jackson's opinion is based on testimonial statements from the firearms manufacturer contained in the research he does to form his opinion. The defendant argues that Crawford requires that the defendant have the opportunity to cross-examine the creators of the material Special Agent Jackson researches. However, Crawford did not deal with expert opinions. All expert opinions rely on research and experience which will naturally consists at some level of the statements and writings of others. For example, doctors who make a diagnosis

are relying on their training and materials they have seen in books to give an opinion that a particular symptom indicates a particular disease. Crawford surely does not prevent a doctor from testifying as to a diagnosis unless the authors of medical textbooks are also called to testify. To hold otherwise, would cast virtually all expert opinions into doubt under the Confrontation Clause.

Further, Special Agent Jackson's reliance on his training, research, experience, and industry documents is not reliance on testimonial hearsay. In an unpublished decision, the Eleventh Circuit Court of Appeals has opined that such material is not testimonial in nature, finding that the training, personal knowledge, books, and CDs an ATF interstate nexus expert relied on "do not appear to be testimonial evidence subject to the Crawford rule." United States v. Springer, 165 Fed.Appx. 709, 716 (11th Cir. 2006). In that case the Court of Appeals further held that allowing testimony of interstate nexus expert was not plain error, even after Crawford. Id. at 717. The defendant will have the full opportunity to cross-examine Special Agent Jackson regarding his opinion and the basis for it so there will be no violation of his right to confrontation.

WHEREFORE, for the reasons described above, the United States respectfully requests that the Defendant's Motion to Suppress be DENIED.

Respectfully submitted this 28th day of April, 2008.

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Matthew W. Shepherd
    MATTHEW W. SHEPHERD
    Assistant United States Attorney
    131 Clayton Street

Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:07-cr-248-WKW |
| | ) | |
| WILLIE GENE DAVIS | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Joseph Van Heest, Esq., attorney for the defendant Willie Gene Davis.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Matthew W. Shepherd
    MATTHEW W. SHEPHERD
    Assistant United States Attorney
    131 Clayton Street
    Montgomery, Alabama 36104
    (334) 223-7280
    (334) 223-7135 Fax
    matthew.shepherd@usdoj.gov