IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:07-cr-0248-WKW |
| | ) | |
| WILLIE GENE DAVIS | ) | |

## **ORDER**

This cause is before the court on the defendant's Motion in Limine to Exclude Expert Testimony (Doc. # 40), filed March 31, 2008. The government responded (Doc. # 65) in opposition on April 28, 2008. For the reasons set forth below, the motion in limine is due to be denied.

On October 22, 2007, a Grand Jury sitting in the Middle District of Alabama returned a one-count indictment (Doc. # 1) against the defendant for possessing a firearm in or affecting interstate commerce despite having a previous felony conviction in violation of 18 U.S.C. § 922(g)(1). In anticipation of the government's use of a Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") special agent as an expert witness to establish the interstate nexus of the firearm in question, the defendant objects to her proposed testimony on three grounds: (1) it will not be scientific, technical, or specialized knowledge within the meaning of expert testimony under Federal Rule of Evidence 702; (2) it will not assist the jury to understand or determine a fact at issue; and (3) it will violate the Confrontation Clause of the Sixth Amendment under *Crawford v. Washington*, 541 U.S. 36 (2004). (*See* Doc. # 40.)

The gist of the defendant's first argument is that while the ATF agent may provide expert testimony for the purpose of identifying the make and model of the firearm, determining the place of manufacture is a factual matter not appropriate for expert opinion testimony and inappropriately based on hearsay. (*Id.* at 2.) According to the defendant, "it is merely a law enforcement officer

asserting facts obtained as a result of hearsay information, and then forming and stating a legal conclusion which the jury is required to reach in this case." (*Id.* at 2-3.) Instead, the defendant would have the government prove the place of manufacture by the testimony of a representative of the firearm manufacturer. (*Id.*) The defendant's second argument is that expert testimony is not necessary because the jury could determine the interstate nexus on its own.

Almost identical arguments have already been rejected by the Eleventh Circuit, however. *See United States v. Floyd*, 281 F.3d 1346, 1349 (11th Cir. 2002). The *Floyd* defendant argued that the ATF agent "was only qualified to testify as an expert in firearms and tool mark examination rather than the interstate travel of ammunition." *Id.* The Eleventh Circuit rejected this approach and "conclude[d] that the court did not commit error, plain or otherwise, by permitting [the ATF agent] to testify as an 'interstate nexus' expert." *Id.* Furthermore, the Court of Appeals unequivocally stated "[t]he law in this circuit . . . clearly allows the interstate nexus element of § 922(g) to be established by expert testimony." *Id.* (citing *United States v. Bonavia*, 927 F.2d 565, 567 n.2 (11th Cir. 1991) (recognizing that a firearms expert may testify "—based on his examination of the weapons in question and his consultation of reference books—about where the particular weapons had been manufactured, to establish the required interstate nexus")). The use of an ATF agent as an expert in order to establish the place of manufacture of a particular firearm is an appropriate method of establishing the firearm's connection to interstate commerce.[1]

The defendant's third argument is that the United States Supreme Court's decision in *Crawford* has changed the law under which *Floyd* was decided. (Doc. # 40, at 4 n.1.) The defendant

---

[1] The plain language of Rule 702 also supports this conclusion. A qualified expert with "other specialized knowledge [that] will assist the trier of fact . . . to determine a fact in issue . . . may testify thereto." Fed. R. Evid. 702.

argues that, under *Crawford*, he should have the opportunity to cross-examine the creators of the material on which the ATF agent will rely upon to base his opinion. This argument also fails. Although not binding upon the court, a recent post-*Crawford* unpublished opinion of the Eleventh Circuit is persuasive authority that firearms experts may still testify as experts as to the location of a firearm's place of manufacture. *See United States v. Springer*, 165 Fed. Appx. 709, 716-17 (11th Cir. 2006). The court determined that the training, personal knowledge, books, and CDs an ATF agent relied on "do not appear to be testimonial evidence subject to the *Crawford* rule." *Id.* at 716.

In light of *Springer* and *Floyd*, the court is unpersuaded by the defendant's arguments. Therefore, for the reasons set forth above, it is ORDERED that the defendant's Motion in Limine to Exclude Expert Testimony (Doc. # 40) is DENIED.

DONE this 5th day of May, 2008.

    /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE